BERTRÁN ET AL., PLAINTIFFS AND APPELLANTS, *v.* CARRASQUILLO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 2055.—Decided November 19, 1920.

DEBT—LIMITATION—AUTHORIZATION OF COURT.—In 1896 certain properties were conveyed to a creditor in payment of the debts of a deceased person. The defendant, an heir of the latter, was a minor and the conveyance was made without obtaining the authorization of the court as required by law. In 1915 a court annulled the conveyance and ordered that the properties be restored to the minor. The grantee then brought this action against the minor, who is now of age, to recover the amount owed by the latter's ancestor. The defendant pleaded that the action was barred by limitation and the court so held on the ground that the conveyance having been annulled, the grantee remained in the same condition as if he had taken no action and therefore the limitation period fixed by the statute for actions of this kind, which is fifteen years, ran against him.

The facts are stated in the opinion.

*Mr. F. González* for the appellants.

*Messrs. F. Cervoni Gely* and *R. López Antongiorgi* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The principal question involved in this appeal is whether the action brought by the plaintiffs was barred by limitation. The District Court of Humacao held that it was and the plaintiffs appealed to this court.

The case is an action of debt against Modesta Carrasquillo Martínez and it is alleged in the complaint that Manuel María Carrasquillo died testate in Humacao on July 9, 1895; that in the settlement of his estate in 1896 several properties were conveyed to Juan Bertrán, the ancestor of the plaintiffs, for the payment of certain debts due to Bertrán and to other persons; that in 1915 the heirs of Carrasquillo brought an action of ejectment against the plaintiffs to recover the properties conveyed to Bertrán and the district court ordered a new partition of the said properties and a delivery to Modesta Carrasquillo (plaintiff in that case and defendant here) of the proportional part constituting her hereditary rights in the said properties; that the judgment of the district court was appealed from to the Supreme Court and here affirmed, a partitioner having been appointed for its execution; that the payment of the debt of the defendant's ancestor to the ancestor of the plaintiffs became ineffective, and that the proportional part of that debt which the defendant should pay (a one-tenth part) amounts to $1,804.76, for which sum judgment against the defendant is prayed for.

The action was brought against Modesta Carrasquillo alone because of the fact that although in the action referred to a new partition of the properties conveyed to Bertrán was ordered, practically such a partition was something new only as to her, for it was held that the other heirs had by their own acts consented to and ratified the conveyance.

The defendant demurred to the complaint on the ground of lack of facts sufficient to constitute a cause of action, because it appeared from the complaint itself that the action

was barred under sections 1865 of the revised Civil Code and 1964 of the old Civil Code.

The court took the case under consideration and sustained the said demurrer, and on March 19, 1919, the judgment appealed from was entered, dismissing the complaint with the costs against the plaintiffs.

In his opinion the district judge expressed himself as follows:

"As regards the plea of prescription, it appears that Manuel María Carrasquillo died in 1895 owing a sum of money to the ancestor of the plaintiffs, Juan Bertrán, of which sum the defendant had to pay a part as one of the heirs of the said Manuel Carrasquillo. These facts show that at least 24 years have elapsed since the right to recover arose in the plaintiffs and the obligation to pay fell upon the defendants; and this being the case, the action of debt is barred.

"It is of no importance that the period of limitation was interrupted by the fact that in 1896 the heirs of Carrasquillo, among them the defendant, made certain conveyances to the ancestor of the plaintiffs and that as to Modesta Carrasquillo, the defendant, the conveyance was declared null and void by the court in 1918, for in accordance with section 1874 of the Civil Code, prescription of actions is interrupted only by their institution before the courts, by extrajudicial claim of the creditor and by the acknowledgment of the debt.

"The allotment made to the defendant in 1896 was made while she was a minor, and that allotment having been adjudged null and void, it can not be held that it interrupted the running of the period of limitation and extinguished the right of action of Bertrán."

The appellants maintain that the conclusions of the district court are erroneous. No jurisprudence is cited. They invoke the opinion of Manresa, but it contains nothing decisive of the question at issue.

The reasoning of the appellants is contained in the following paragraph of their brief:

"On August 23, 1915, the defendant and her brothers, the heirs

of Manuel María Carrasquillo, the debtor of Bertrán, sued for the annulment of the said conveyances on the legal ground that there being minors interested in the estate of Manuel María Carrasquillo, no previous authorization of court had been obtained for the conveyance of the properties to Juan Bertrán in payment of debts, and the District Court of Humacao, on March 12, 1917, sustained the complaint and ordered a new partition of the properties conveyed to Juan Bertrán and the delivery to Modesta Carrasquillo, the defendant here, of the proportional part constituting her hereditary portion in the properties described.    Therefore, the payment of the debt owing by Manuel María Carrasquillo to Juan Bertrán became ineffective with regard to the proportional part belonging to Modesta Carrasquillo, and, consequently, at that moment there *arose* again or revived in Modesta Carrasquillo the obligation to pay the debt and in the heirs of Juan Bertrán the right to recover the same.    Before that date neither Juan Bertrán nor his heirs, the plaintiffs, could collect a debt which was paid, because the obligation was extinguished.    When the payment was annulled, then arose the right to bring this action and only from that time can the period of limitation be computed.

"Actions are barred by the lapse of time and prescription punishes negligent creditors; but that is not the case here, inasmuch as the time elapsed is not the result of abandonment or negligence, for it was impossible to make any claim because the debt was satisfied by virtue of the conveyances made to Juan Bertrán in the year 1896 in the settlement of the estate of Manuel María Carrasquillo."

In our opinion the trial court was right in holding that the action of the plaintiffs was barred because it had not been brought within the time fixed by law.    It is true that when the estate of Carrasquillo was partitioned his heirs acknowledged the existence of the debt in favor of Bertrán and conveyed to him certain properties for its payment, but it is also true that that conveyance was held to be null and void as regarded the defendant here, who was then a minor. That minor did not acknowledge the debt after becoming of age.    On the contrary, she sued and recovered a judg-

ment holding that as to her the conveyances to Bertrán in payment of the debt were absolutely void.

It will be said that Bertrán did not sue for payment of the debt because he considered that it had been paid. However, in taking this view of the matter Bertrán acted contrary to the law, which he was under the unavoidable obligation of knowing; therefore he assumed the risk which followed such action. The conveyances having been declared null and void, matters returned to the condition and status in which they were before the conveyances were made. It was as if Bertrán had done nothing, and, that being the case, it is clear that the time allowed him by law within which to assert his right of recovery, even in case he actually had such right, ran against him with all of its consequences.

. The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.
Mr. Chief Justice Hernández dissented.

DISSENTING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ.

It is true that the principal question involved in this appeal is whether the action brought by the plaintiffs was barred by limitation.

The facts alleged in the complaint as constituting the cause of action are that Manuel María Carrasquillo died testate in Humacao on July 9, 1895, and that when his estate was settled in 1896 several properties were conveyed to Juan Bertrán, the ancestor of the plaintiffs, in payment of certain debts due to Bertrán and other persons; that in 1915 the heirs of Carrasquillo brought an action against the plaintiffs to recover the properties conveyed to Bertrán and the district court ordered a new partition of the said properties and the delivery to Modesta Carrasquillo, a plaintiff in that action and the defendant here, of the proportional part of her hereditary right in the said properties; that the judg-

ment of the district court was appealed from to this court and affirmed, a partitioner being appointed to execute the judgment; that the payment of the debt of the defendant's ancestor to the ancestor of the plaintiffs became ineffective, and that the proportional part of that debt, of which the defendant had to pay a one-tenth part, amounts to $1,804.76, for which sum judgment is prayed against the defendant.

To that complaint the defendant demurred on the ground of lack of facts sufficient to constitute a cause of action, because it appeared that the action was barred under sections 1865 of the revised Civil Code and 1964 of the old Civil Code.

The court sustained the demurrer and dismissed the complaint by a judgment of March 19, 1919, from which the plaintiffs have appealed.

The court based its judgment on the fact that the allegations of the complaint showed that at least twenty-four years had elapsed since the right to recover arose in the plaintiffs and the obligation to pay fell upon the heirs of Carrasquillo, the action being therefore barred by limitation.

The foregoing reasoning seems to me to be erroneous.

The allegations of the complaint show that the action contemplates as its remote cause an obligation contracted by Manuel María Carrasquillo in favor of Juan Bertrán and as its proximate cause the adjudged nullity of the conveyances to Bertrán of properties of Carrasquillo's estate in payment of certain debts due to Bertrán and to other persons. It is necessary to distinguish between the contractual obligation of Carrasquillo to Bertrán, which was extinguished by the conveyance of properties in payment of it, according to section 1124 of the Civil Code, and the legal obligation arising from the nullity of the conveyances, according to sections 1270 and 1271 of the same code, as follows:

"Section 1270.—When the nullity of an obligation has been declared, the contracting parties shall restore to each other the things which have been the object of the contract with their fruits, and

the value with its interest, without prejudice to the provisions contained in the following sections.

"Section 1271.—When the nullity arises from the incapacity of one of the contracting parties, the incapacitated person is not obliged to make restitution, except to the extent he has profited by the thing or by the sum he may have received."

The right of action which the heirs of Bertrán may have had to recover from the defendant her proportional part of the debt of her deceased father because the debt was revived by the annulment of the conveyances made to Bertrán for its payment, arose in the year 1918, when the court annulled the conveyances, and from that time the period of limitation began to run, according to section 1870 of the Civil Code, which provides that the time for the prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day on which they could have been instituted. The limitation period could not begin to run before for the reason that the creditor was estopped from bringing an action for the annulment of the conveyances and therefore had to accept them with their legal consequences, according to section 1269 of the Civil Code, which reads as follows:

"Section 1269.—The action for nullity of contracts may be brought by those who are principally or subsidiarily obligated by virtue thereof. Persons with capacity cannot, however, allege the incapacity of those with whom they contracted; *  *  * ."

A conveyance in payment of a debt is a real contract. I admit that in accepting the conveyances Bertrán acted contrary to law and therefore assumed the risk which his action involved; yet that risk was not in absolute terms the arbitrary risk of losing his credit, but the legal risk established by said section 1271 of the Civil Code, which imposes upon an incapacitated person the obligation to make restitution only when the thing or sum received may have increased his possessions.

And it does not matter that there is no allegation in the complaint that the defendant was enriched, notwithstanding the fact that *prima facie* it would seem that one who not only recovers what has been alienated in payment of an obligation, but also becomes exempt from paying the obligation itself, the existence and genuineness of which have not been attacked, is enriched to the prejudice of the creditor. At all events, this question is foreign to the plea of prescription under consideration, although it might perhaps support a demurrer on the ground of no cause of action.

For the foregoing reasons, and dissenting from the opinion of my learned associates, I am of the opinion that the plea of prescription should not be sustained.